# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

FREDERICK BANKS,                                                                                          PLAINTIFF
REG. #05711-068

v.                                              2:12-cv-00177-DPM-JTK

JOHNSON, Chaplain, FCI-Forrest City, et al.                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The detail of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.	INTRODUCTION**

Plaintiff Frederick Banks, a federal inmate proceeding pro se, filed this federal civil rights complaint entitled as a "Complaint for a Writ of Mandamus," together with a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 2). Although Plaintiff submitted a declaration that makes the showing required by § 1915(a), his Motion will be denied. 28 U.S.C. § 1915(a).

**II.	SCREENING**

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(a). Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

prisoner is under imminent danger of serious physical injury.

Plaintiff is a well-known three-striker within the meaning of the PLRA, and has filed numerous frivolous lawsuits in federal courts throughout the country. See, e.g., Banks v. U. S. Marshal, No. 07-6191, 2008 WL 1751700 (10th Cir. April 26, 2008) (unpublished decision where the court assessed four strikes against Banks); Banks v. Pennsylvania, No. 09-1437, 2010 WL 569545 (W.D.Pa. Jan. 4, 2010) (unpublished decision listing numerous "strikes"). Although Plaintiff may be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above, this exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. 28 U.S.C. § 1915(g); Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In this case, however, Plaintiff alleges that Defendants are preventing him from accessing items he needs to practice his Wiccan religion, which does not fall within the "imminent danger" exception (Doc. No. 1).

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff Banks' Motion to Proceed In Forma Pauperis (Doc. No. 2) be DENIED.

2. Should Plaintiff wish to continue this case, he be required to submit the statutory filing fee of $350.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

3. Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 31st day of August, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE